IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TYRONE WILLIAMS and KELLY
WILLIAMS,

      Plaintiffs,

v.

McCALLA RAYMER, LLC,

      Defendant.

CIVIL ACTION NO.
1:11-CV-03664-RWS-LTW

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiffs Tyrone and Kelly Williams, proceeding pro se, seek leave to file this civil action *in forma pauperis*, without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). Docket Entry [1]. The affidavit of poverty indicates that Plaintiffs are unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Plaintiffs' request to proceed *in forma pauperis* is hereby **GRANTED**. Therefore, this action shall proceed as any other civil action, and Plaintiffs shall be allowed to proceed without prepayment of a filing fee.

Because Plaintiffs are proceeding without paying filing fees, however, the Court shall consider, pursuant to 28 U.S.C. § 1915(e)(2), the frivolity of Plaintiffs' Complaint. Section 1915(e)(2) provides that a federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the allegation of poverty is

untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993), cert. denied, 510 U.S. 893 (1993). Additionally, a complaint that is grounded on fanciful, delusional, or fantastic allegations is indisputably meritless and consequently, frivolous. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## I.    Plaintiffs' Complaint Fails to State a Claim

Plaintiffs' Complaint is inadequately pled, and as a result, fails to state a claim. Dismissal for failure to state a claim is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cnty., 960 F.2d 1002, 1009-10 (11th Cir. 1992). Additionally, a complaint must contain specific factual matter, accepted as true, to state a claim for relief that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, —U.S.—, 129 S. Ct. 1937, 1949 (2009); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1

(2002)). Thus, a complaint, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

In this case, Plaintiffs claim that they are disputing and demanding validation of a debt that is presumably related to the property located at 128 Glenmore Lane in McDonough, Georgia. (Compl., Docket Entry [1-1]). Plaintiffs allege that Defendant McCalla Raymer, LLC "is a Debt Collector as stated in the attached 'Initial Communication Letter'[1] and as defined in 15 U.S.C. 1692(g)(b)[2] having [a] legal duty

---

[1] Contrary to Plaintiffs' assertion, Defendant does not identify itself as a debt collector in the letter attached to Plaintiffs' Complaint. Defendant states that it is the law firm to which Plaintiffs' loan has been referred for handling. Defendant further indicates that Bank of America, N.A. is "[t]he entity that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." (Compl., Ex.). Defendant, however, does include the statement "THIS IS AN ATTEMPT TO COLLECT A DEBT" at the bottom of each page of the letter.

[2] 15 U.S.C. § 1692(b) discusses debt collectors' obligations for "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Id.

15 U.S.C. § 1692(g) states, in relevant part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of

to **cease collection of the debt**." (Compl. ¶ 1 (emphasis in original)). Plaintiffs also allege that they "respond[ed] with a **debt validation request** within 30 days of **receipt** thereof." (Id.) Plaintiffs further allege that: (1) "Defendant did unlawfully violate O.C.G.A. § 51-1-8[3] having a legal duty to abort foreclosure pursuant to O.C.G.A. § 5-6-35(h),[4] (Compl. ¶ 2); (2) "Defendant has failed to validate the debt as required by [the] Fair Debt[] Collection[] Practices Act, 15 U.S.C. 1692(g)(b) and 809B,[5] (Compl. ¶ 3); and Defendant "did violate [the] Fair Debt[] Collection[] Practices Act 809B and ha[d] a legal duty to **cease and desist** from conducting . . . foreclosure proceedings pursuant to O.C.G.A. § 51-1-8," (Compl. ¶ 5 (emphasis in original)).

The allegations currently set forth in Plaintiffs' Complaint are insufficient to raise Plaintiffs' right to relief above the speculative level or to suggest the required elements

---

the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

[3] O.C.G.A. § 51-1-8 states, in relevant part:

Private duties may arise from statute or from relations created by contract, express or implied. The violation of a private duty, accompanied by damage, shall give a right of action.

[4] O.C.G.A. § 5-6-35(h) states:

The filing of an application for appeal shall act as a supersedeas to the extent that a notice of appeal acts as supersedeas.

[5] Section 809(b) of the Fair Debt Collection Practices Act was eventually codified at 15 U.S.C. § 1692(g).

of any of their purported claims. Plaintiffs have not alleged any facts to show that Defendant meets the definition of "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.,[6] such that Defendant would be in violation of the FDCPA if, as Plaintiffs allege, Defendant failed to cease with the collection of Plaintiffs' debt. Plaintiffs also do not set forth any facts to explain why Defendant owed them a legal duty to stop the foreclosure proceedings. Plaintiffs cite O.C.G.A. § 5-6-35(h); however, this Code section states, "The filing of an application for appeal shall act as a supersedeas to the extent that a notice of appeal acts as supersedeas." O.C.G.A. § 5-6-35(h). It is unclear how this statutory provision creates a legal duty that would prevent Defendant from pursuing foreclosure proceedings against Plaintiffs.

Therefore, even taking Plaintiffs' pro se status into account, their Complaint is frivolous and lacks any legal or factual foundation. Accordingly, this Court **RECOMMENDS** that Plaintiffs' Complaint be **DISMISSED** pursuant to 28 U.S.C. §§

---

[6] 15 U.S.C. § 1692(a)(6) defines "debt collector," in relevant part, as follows:

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

1915(e)(2)(B)(i)-(ii). As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED** and **REPORTED AND RECOMMENDED**, this _31_ day of October, 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TYRONE WILLIAMS and KELLY
WILLIAMS,

     Plaintiffs,

v.

McCALLA RAYMER, LLC,

     Defendant.

CIVIL ACTION NO.
1:11-CV-03664-RWS-LTW

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings

will be limited to a plain error review. <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983), <u>cert. denied</u> 464 U.S. 1050 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this _3/_ day of October, 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE