# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

TYRONE WILLIAMS and :
KELLY WILLIAMS, :
 :
    Plaintiff, :
 :
 : CIVIL ACTION NO.
v. : 1:11-CV-3664-RWS
 :
McCALLA RAYMER, LLC, :
 :
    Defendant. :

## ORDER

This case is before the Court for consideration of the Final Report and Recommendation [2] of Magistrate Judge Linda T. Walker. After reviewing the Report and Recommendation and Plaintiffs' Objections [5] thereto, the Court enters the following Order.

Magistrate Judge Walker recommended dismissal of this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). She concluded that Plaintiffs failed to allege any facts showing that Defendant meets the definition of "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Also, she found that Plaintiffs failed to set forth any facts to show that

Defendant owed them a legal duty to stop the foreclosure proceedings. In their Objections, Plaintiffs assert that the communications sent to them by Defendant state: "This is an attempt to collect a debt." Thus, Plaintiffs argue that it is obvious that Defendant was trying to collect a debt.

A complete reading of Defendant's letter shows that Defendant was seeking to enforce a security interest through the foreclosure process. "The FDCPA defines 'debt collector' as a person who uses an instrumentality of interstate commerce or the mails in a business which has the principal purpose of collecting debts, or who regularly collects debts owed to another." <u>Warren v. Countrywide Home Loans, Inc.</u>, 342 Fed. App. 458, 460 (11th Cir. 2009). "[T]he FDCPA does not define 'debt collection.' However, the plain language of the FDCPA supports the . . . conclusion that foreclosing on a security interest is not debt collection activity for purposes of" the FDCPA generally, but is for purposes of § 1692f(6). <u>Id.</u> Under Section 1692f(6), a debt collector may not take or threaten to take a non-judicial action to effect dispossession of property if "(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is not present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6). Plaintiffs

have failed to allege facts that would support a finding that Defendant violated any of these provisions. Thus, as Judge Walker concluded, Plaintiffs failed to set forth facts to show why Defendant owed them a legal duty to stop foreclosure proceedings.

Based on the foregoing, even if Defendant is deemed to be a debt collector for purposes of § 1692f(6), Plaintiffs have failed to state a cause of action pursuant to the FDCPA. Accordingly, the Complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). The Clerk shall close the case.

**SO ORDERED**, this __1st__ day of December, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)